

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00165-CR

**MARVIN KELLY,**

                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                        **Appellee**

───────────────

**From the 52nd District Court
Coryell County, Texas
Trial Court No. FSA-02-16411**

───────────────

## MEMORANDUM OPINION

───────────────

Marvin Kelly pled guilty to the offense of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011 (West 2011). An adjudication of guilt was deferred and Kelly was placed on deferred adjudication community supervision for 10 years. The State filed a motion to adjudicate Kelly, and Kelly pled true to all counts of the State's motion. After a hearing, the trial court found Kelly violated his terms of community supervision, adjudicated him guilty, and sentenced him to 15 years in prison. Kelly appeals, and we affirm.

Kelly's appellate attorney filed an *Anders* brief in this appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Kelly was informed of his right to submit a brief on his own behalf, but he did not.

Counsel asserts that he reviewed the entire record regarding the sufficiency of the indictment; jurisdiction, venue and limitations; adverse pretrial rulings and rulings during trial affecting the course of the trial; sufficiency of the evidence; the hearing on the State's motion to adjudicate; the sentence imposed; and any other errors rising to the level of plain error. Counsel concludes that he can find nothing in the record which might arguably support an appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, … decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After a review of the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Should Kelly wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* Tex. R. App. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* Tex. R. App. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's request that he be allowed to withdraw from representation of Kelly is granted. Additionally, counsel must send Kelly a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. Tex. R. App. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed February 1, 2012
Do not publish
[CR25]